## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01185

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, and
THE CITY AND COUNTY OF DENVER SHERIFF DEPARTMENT,

      Defendants.

---

## COMPLAINT

---

The United States of America alleges as follows:

## NATURE OF THE ACTION

1.     This action is brought by the United States (hereinafter "Plaintiff") against the City and County of Denver and the City and County of Denver Sheriff Department (hereinafter collectively "Defendants") to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345.  This Court has authority to grant a declaratory

judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 1981a.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b) because: (1) all Defendants reside in the District of Colorado; and (2) the events and omissions giving rise to the claims alleged in this Complaint occurred in the District of Colorado.

## PARTIES

4.    Plaintiff is the United States of America.

5.    Defendants are the City and County of Denver ("Denver") and the City and County of Denver Sheriff Department ("Sheriff Department").  Denver is a political subdivision of the State of Colorado.  The Sheriff Department is an agency of the City and County of Denver.

6.    Defendants are persons within the meaning of 42 U.S.C. §§ 12111(7) and 2000e(a).

7.    Defendants are employers within the meaning of 42 U.S.C. § 12111(5), and covered entities within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## FACTUAL ALLEGATIONS

8.    Complainant has worked for the City and County of Denver since 1992, and has served as a Deputy Sheriff for Defendants since 1998.

9.    Complainant's personnel record reflects nearly twenty years of strong performance as a Deputy Sheriff.

2

10.     Complainant is an individual with a disability under the ADA because he has Type I diabetes, which substantially limits bodily functions, including the endocrine system.  42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2(g), (h), (i)(1)(ii).

11.     Complainant was diagnosed with diabetes at around the age of sixteen and since that time has managed his diabetes through diet, insulin injections, and regular blood glucose checks.

12.     As a Deputy Sheriff, Complainant's duties included the care and custody of inmates at the Denver County Jail ("Jail"), where he was generally assigned ten-hour shifts as a housing officer.

13.     There are typically between six and eight relief officers in the jail to provide coverage during deputies' breaks and meals.

14.     For many years as Deputy Sheriff, Complainant followed a basic routine to manage his diabetes at work.  During his regular breaks, he would check his blood glucose levels, take his insulin (if needed), and then eat a meal or a snack.  He also routinely carried snacks on his person, and kept snacks in his locker.

15.     On the morning of April 24, 2015, the Sheriff Department unexpectedly called Complainant at around 6:00 a.m.  He was told to immediately come in, hours earlier than his usual noon start time, to work an unplanned shift to provide security at a parole hearing.

16.     While at the parole hearing, Complainant ran out of the snacks he had brought that day and began experiencing the familiar symptoms of low blood sugar including shakiness and sweating.  Complainant radioed his sergeant to ask for a relief officer so that Complainant could get a snack.  A relief officer was not provided for Complainant, and his low blood sugar

3

worsened and became severe hypoglycemia.  Complainant became verbally unresponsive, was treated at the Jail infirmary, and sent home later that day.

17.     On April 28, 2015, at the beginning of his next scheduled shift, the Sheriff Department informed Complainant that it had placed him on administrative leave pending a fitness for duty examination.

18.     On May 12, 2015, as instructed by the Sheriff Department, Complainant presented for a fitness for duty examination with Denver Health's Center for Occupational Safety and Health (COSH).  The COSH physician met with Complainant, spoke to him, and asked him to obtain certain medical information, including recommendations for any accommodations, from his health care provider.

19.     Complainant's health care provider sent COSH a letter identifying four accommodations to enable Complainant to manage his blood sugar levels throughout his work day.  These recommendations included allowing him to test his blood sugar, to treat low blood sugar with a snack and a follow-up blood sugar test, to eat a meal or snack every three to four hours, and to use a continuous glucose monitor.

20.     Deputy Sheriffs are allowed to eat and drink while on duty.  They are also permitted to take periodic breaks by calling for a relief officer.  Part of the job duties of some Deputy Sheriff posts are to serve as relief officers while the posted officer takes a break.  For example, smoke and restroom breaks are routine and authorized parts of a Deputy Sheriff's shift.  Each Deputy Sheriff is also entitled to a meal break during each shift.

21.     On May 26, 2015, the COSH physician cleared Complainant to return to work as a Deputy Sheriff with the accommodations recommended by his health care provider.

22.     On May 27, 2015, the Sheriff Department, without conducting an interactive process, denied the requested accommodations.  The Command Staff responsible for making this decision did not discuss potential accommodations with Complainant, his health care provider, or the COSH physician prior to issuing the denial.

23.     The Sheriff Department's Command Staff did not consult the City's ADA coordinator or anyone in the Public Safety Human Resource Office (Public Safety HR), before making its decision to deny Complainant's request for reasonable accommodation.

24.     On June 3, 2015, the City's ADA coordinator notified Complainant that the City had initiated a ninety-day reassignment process to consider him for other open positions.

25.     During the reassignment process, Complainant had difficulty reaching the City's ADA coordinator, who was in charge of the process, and Denver did not provide him with timely information on all available vacancies.

26.     On June 24, 2015, Complainant filed a grievance with Denver's Department of Public Safety seeking reinstatement to his position as a Deputy Sheriff.

27.     On July 25, 2015, the Deputy Director of Denver's Department of Public Safety denied Complainant's grievance.

28.     On July 29, 2015, Complainant filed an appeal of his grievance with Denver's Career Service Board.

29.     The City unilaterally ended the reassignment process on October 2, 2015, without having reassigned the Complainant, and then terminated him.

30.      On April 4, 2016, the Career Service Board ordered the Sheriff Department to reinstate Complainant as a Deputy Sheriff, finding that he was qualified to perform the essential functions of his Deputy Sheriff position, if accommodated.

31.      In late October 2016, before his return to work, Complainant spoke on the telephone to the Deputy Chief of Administration and asked her to consider putting him long-term in the administrative cleanup post, a post that he had worked in the past and that he knew would inherently provide him with flexibility to manage his diabetes.

32.      On November 1, 2016, the Sheriff Department directed Complainant to return to work as a Deputy Sheriff.

33.      Upon his return to work in November 2016, the Sheriff Department placed Complainant in the general post rotation without any reasonable accommodations.  Complainant felt that he could not request breaks because of his past experience with the Sheriff Department.

34.      On December 20, 2016, after a day of being shuffled between busy posts by Command Staff, not having an opportunity to take his meal break, and exhausting his snack supply, Complainant experienced a severe hypoglycemic episode.  The Sheriff Department then placed him again on administrative leave.

35.      On December 23, 2016, the Sheriff Department requested that Complainant report for another fitness for duty evaluation.

36.      On June 16, 2017, a new COSH physician concluded that because of his history of hypoglycemia, Complainant was not qualified to work as a Deputy Sheriff.

37.      Defendants' discriminatory actions have caused Complainant significant emotional distress and financial difficulties.

6

38.     On June 29, 2015, Complainant filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendants discriminated against him in violation of the ADA by failing to accommodate him, disqualifying him, and separating him from work based on disability.

39.     Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated Complainant's charge and found reasonable cause to believe that Defendants discriminated against him in violation of the ADA.  After the EEOC's conciliation efforts failed, the EEOC referred the matter to the United States Department of Justice.

40.     On December 14, 2016, Complainant filed a second timely charge of discrimination with the EEOC alleging that Defendants failed to accommodate him when they returned him to work in November 2016, and that Defendants created a hostile work environment for him in retaliation for filing his earlier charge of discrimination.

41.     Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated Complainant's second charge and found reasonable cause that Denver discriminated against him on the basis of his disability, and in retaliation for engaging in protected activity, by failing to engage in the interactive process and failing to accommodate him in his positon of Deputy Sheriff in violation of the ADA.  EEOC further found that Denver's continued failure to accommodate Complainant resulted in his being removed and subsequently disqualified from his Deputy Sheriff position.  After the EEOC's conciliation efforts failed, the EEOC referred the matter to the United States Department of Justice.

CLAIM FOR RELIEF
(Title I of the Americans with Disabilities Act)

42.     The United States re-alleges and incorporates by reference the foregoing paragraphs 1 through 41.

43.     By their conduct above, Defendants have violated Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630, which mandate that covered employers, such as Defendants, not discriminate against qualified individuals on the basis of disability in employment practices.  42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

44.     An employer discriminates against an otherwise qualified individual on the basis of disability when it does not make "reasonable accommodations to the known physical or mental limitations" of the individual, unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . . ."  42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a).

45.     The Defendants knew Complainant had a disability since at least 2010 when he filed a grievance relating to his diabetes.  They were reminded of this fact on May 26, 2015, when the COSH physician included accommodations for Complainant's disability in her authorization for Complainant to return to work.

46.     Complainant requested reasonable accommodations, but Defendants never meaningfully considered or offered Complainant any form of reasonable accommodation to perform the positon of Deputy Sheriff.

47.     During all relevant times, Complainant was qualified for the Deputy Sheriff position with Defendants because he could perform the essential functions of the job with reasonable accommodations.  42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

48.     As a result of Defendants' discriminatory conduct, Complainant suffered and continues to suffer damages.

## PRAYER FOR RELIEF

Plaintiff the United States requests the following relief:

(a)     Grant judgment in favor of the United States and declare that Defendants have violated Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, and its accompanying regulation, 29 C.F.R. Part 1630;

(b)     Require Defendants to revise policies, practices, and procedures so as to bring their employment practices, including their reasonable accommodation practices, into compliance with Title I of the ADA and its accompanying regulation;

(c)     Order Defendants to train staff regarding the ADA's reasonable accommodation requirements;

(d)     To the extent Defendant has not already done so, order sufficient remedial relief to make whole the Complainant including retroactive seniority, payment of back pay with interest, pension and related benefits, and other appropriate nondiscriminatory measures to overcome the effects of the discrimination;

(e)     Award Complainant compensatory damages for the pain and suffering he experienced as a result of Defendants' failure to comply with the requirements of Title I of the ADA pursuant to 42 U.S.C. § 1981a; and

(g)     Order such other appropriate relief as the interests of justice require.

9

Dated: May 15, 2018.

Respectfully submitted,

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

ALBERTO RUISANCHEZ
Acting Deputy Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief
Disability Rights Section

AMANDA MAISELS
Deputy Chief

_s/ Alyse Bass_
ALYSE BASS
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW-NYA
Washington, D.C. 20530
Telephone: (202) 616-9511
Email:  Alyse.Bass@crt.usdoj.gov
Trial Attorney

Attorneys for the United States of America

ROBERT C. TROYER
United States Attorney

_s/Zeyen J. Wu_
Zeyen J. Wu
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0411
E-mail: zeyen.wu@usdoj.gov